## IN THE COURT OF APPEALS OF IOWA

No. 19-0440
Filed June 19, 2019

**IN THE INTEREST OF L.H., S.H., P.H., and F.H.,
Minor Children,**

**E.H., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Robert W. Davison, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

Julie Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

When she was fourteen or fifteen years old, E.H. met R.H., then in his late twenties.  In 2011, when E.H. was eighteen, she married R.H.  That year she gave birth to their oldest child, and she has since had three more children, the youngest born in December 2017.  At the February 2019 termination-of-parental-rights hearing, the mother was pregnant and due in June.

The mother is well aware of R.H.'s extensive substance-abuse problem.  In approximately 2012, the mother and R.H. incurred felony drug charges in Missouri.  The mother was placed on probation, and R.H. spent two years in prison.  The mother reunited with R.H. upon his release from prison.  Since that time, the mother has separated from the father numerous times, only to later reconcile with him.

In 2017, the family came to the attention of the Iowa Department of Human Services after it was reported that R.H. was using and selling drugs in the family home.  Two of the children tested positive for ingestion of methamphetamine, and all of the children's hair tests were positive for methamphetamine.  The children were removed from the parents' care.

The parents were "adamant that they intend[ed] to work toward reunification as a couple," even though the real concern was R.H.'s substance abuse and his lack of progress.  The mother separated from R.H. starting in November 2017, just before their fourth child was due, because R.H. was not maintaining sobriety.  That separation only lasted a few months, and in February 2018, the mother's sweat patch tested positive for methamphetamine.  The baby was removed from her care, and the mother reconciled with R.H.

Thereafter, the mother stated she wanted to be a family. However, R.H. continued to use illegal substances. The mother also had additional sweat patches test positive for illegal substances, though the mother denied that she herself used any drugs. In July 2018, the juvenile court directed the State to file petitions for termination of the parents' parental rights.

At the February 2019 termination-of-parental-rights hearing, the mother testified she had ended her relationship with R.H. the week before the hearing, stating she was committed not "to live that lifestyle anymore. [She did not] want to be mentally or emotionally abused anymore. [She was] ready to just support [her] children and [herself] and move forward in life." The juvenile court was unconvinced and terminated her parental rights.[1]

The mother appeals, asserting that the State did not prove the grounds for termination and that termination was not in the children's best interests. She maintains that because she testified she had left R.H. for good, the children were no longer in danger and her rights should not have been terminated. Our review is de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

Upon our de novo review, we find the State has proved termination is appropriate under Iowa Code section 232.116(1)(f) and (h) (2018). Both paragraphs allow the court to terminate parental rights if a child is of a specified age, has been adjudicated a child in need of assistance (CINA), has been out of the parent's custody for the requisite time period, and cannot be returned to the

---

[1] R.H. is the legal father of the mother's four children, and his parental rights were also terminated. He does not appeal.

parent at present without risk of adjudicatory harm.[2]  *See* Iowa Code § 232.116(1)(f), (h).  The mother does not dispute the State proved the first three elements; indeed, those elements are clear from the record.  The four children were adjudicated CINA.  At the time of the termination-of-parental-rights hearing, the three oldest children had been out of the mother's custody for more than eighteen months, and the youngest child—under three years old—had been out of the mother's custody for almost a year.  The mother challenges only the element that the children cannot be returned to her at present.  *See id.* § 232.116(1)(f)(4), (h)(4).

There is no question the mother loves her children and they share a bond. Nevertheless, the mother chose to continue her relationship with a man who abused illegal substances, exposing her and her children to methamphetamine. The mother had a choice—stay or walk away; her children did not.  Instead, they had to rely upon their mother to protect them because they could not protect themselves.  The mother chose R.H. over her children time and time again, and, ultimately, the children had to be removed from her care because she could not put them and their needs before those of R.H.  Her children, particularly the oldest, struggled with the removal.  The mother was advised as early as November 2017, if not sooner, that her choice to remain with R.H. delayed reunification and caused the children to suffer.  She did leave R.H. for a few months—and made substantial

---

[2] Iowa Code section 232.116(1)(f) is applicable to children four years of age or older who have been out of parental custody for at least twelve of the last eighteen months and any trial period at home has been less than thirty days.  Section 232.116(1)(h) is applicable to children three years of age or younger who have been out of parental custody for at least six of the last twelve months and any trial period at home has been less than thirty days.

progress—after she realized R.H. could not maintain sobriety. Yet, she *still* went back to him. Then, she waited until the last possible moment—almost two years after her oldest children's removal from her care—to claim she was ready to leave R.H. and put the children's needs first. Not only is there no evidence in the record to support her claim, the assertion comes too little too late. *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (noting parent's delayed efforts were insufficient); *In re A.E.*, No. 16-0510, 2016 WL 3271887, at *3 (Iowa Ct. App. June, 15, 2016) (collecting cases noting last-minute efforts are not reliable).

The record shows R.H. abused substances and put the children's lives in danger. Throughout the case, R.H. continued to abuse substances and demonstrated he was either unable or unwilling to commit to sobriety. The mother knew this, but still she continued her relationship with R.H. She had ample time to show she could leave him and focus solely on her children's needs. She did not. We agree with the juvenile court that the State showed by clear and convincing evidence that the children could not be returned to the mother's care at the time of the termination-of-parental-rights hearing. We therefore affirm the juvenile court's finding that the State proved the grounds for termination of her parental rights.

After finding a ground for termination exists, we are to "consider the factors under section 232.116(2)," which "requires us to give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (internal citations omitted).

The mother argues termination is not in the children's best interests, asserting she "has proven that she can more than adequately care for the children

and keep them safe. Not only would the children suffer no harm but they would reap the benefit of spending a lifetime with their natural mother." Unfortunately, the sentiment is not supported by the record, and we find the children's best interests are served by termination. The mother has not been able to demonstrate her ability to put the needs of her children before those of R.H. The past is prologue to the future. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) ("When making this decision, we look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future." (quoting *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997))). The mother's past conduct suggests she will go back to R.H. and put his needs before her children. We therefore find termination is in the best interests of the children.[3]

Because we agree with the juvenile court that the State proved the grounds for termination of parental rights and that termination was in the children's best interests, we affirm the court's order terminating the mother's parental rights.

**AFFIRMED.**

---

[3] We need not review any step of the three-step analysis the juvenile court must make in terminating a parent's parental rights if the step was not challenged by the parent on appeal. *See P.L.*, 778 N.W.2d at 40; *see also* Iowa Code § 232.116(1)-(3). Accordingly, we only address the mother's challenge of the grounds for termination found by the juvenile court and the best-interests finding.